## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT GOLDEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-11-224-D |
| DAVID GONZALES, et al., | ) ) ) |
| Defendants. | ) ) |

### REPORT AND RECOMMENDATION

Plaintiff, Brent Golden, is a convicted prisoner who is being held in the Pottawatomie County Public Safety Center pending reception into an Oklahoma Department of Corrections facility [Doc. No. 1]. Proceeding *pro se* and *in forma pauperis*, he is seeking relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights during the course of the criminal proceedings leading to his conviction. *Id.* United States District Judge Timothy DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

### Plaintiff's Complaint

The gist of Plaintiff's complaint is that Defendant Gonzalez, a Shawnee police officer, filed an affidavit of probable cause bearing a particular date; that case was dismissed, an affidavit of probable cause bearing a different date was completed by Defendant Gonzalez, a new case was filed by Defendant District Attorney, Russ Cochran, and Plaintiff was convicted [Doc. No. 1]. Plaintiff seeks $2.5 million as damages for what he variously terms

as a double jeopardy violation,[1] malicious prosecution, perjury, and a violation of his equal protection rights. *Id.*

**Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to

---

[1] It is noted that "jeopardy attaches when the jury is empaneled and sworn[.]" *Crist v. Bretz,* 437 U.S. 28, 38 (1978).

round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**<u>Analysis</u>**

Generally, to the extent that Plaintiff seeks monetary damages[2] resulting from what he alleges were wrongful actions causing him to be improperly convicted, Plaintiff's § 1983 claim should be dismissed without prejudice. In its decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *id.* at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 487. Plaintiff does not maintain that his conviction has been reversed or otherwise been called into question, and a judgment in his favor would clearly "imply the invalidity of his conviction or sentence." *Id.* Consequently, dismissal is appropriate. *See also Ramos v. Shepherd,* No. 10-1497, 2011 WL 477709 (10th Cir. Feb. 11, 2011)

---

[2]To the extent that Plaintiff seeks his immediate release [Doc. No. 1, sequential p. 6], Plaintiff's claims sound in habeas as a challenge to the execution of his sentence rather in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, any such claim brought as part of a § 1983 complaint should be dismissed without prejudice to refiling in a separate habeas action, if appropriate. *See Coleman v. Turpen,* 697 F.2d 1341, 1347 (10th Cir. 1983) ("Section 1983 cannot be invoked to end detention.") (*citing Preiser v. Rodriguez,* 411 U.S. 475 (1973)).

(unpublished op.) (dismissal under *Heck* was proper on Plaintiff's claim of due process and equal protection violations against prosecutors and deputy who allegedly gave perjured testimony)); *Roberts v. O'Bannon,* 199 Fed. Appx. 711 (10th Cir. 2006) (*sua sponte* dismissal under *Heck* was proper as to claimed malicious prosecution and violation of the double-jeopardy doctrine).

In addition, Plaintiff has named District Attorney Russ Cochran as a Defendant in the action but has not specified whether he is suing him in his individual, official, or both capacities [Doc. No. 1, sequential p. 2]. As a general rule, the Eleventh Amendment immunizes states from suit in federal court. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies."). Moreover, claims for damages against a state employee in his official capacity are construed as claims against the State and are thus likewise barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985)(a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996)(Eleventh Amendment sovereign immunity barred §1983 claims against prison officials in their official capacities).

An exception to this bar exists where Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Ramirez v. Oklahoma Department of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994). The State of Oklahoma has not waived its Eleventh Amendment immunity. *Id.* at 589. Nor has Congress abrogated the Eleventh

Amendment immunity of the states through the enactment of § 1983. See *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, the Eleventh Amendment forecloses all claims for monetary damages against Defendant Cochran in his official capacity.

In his individual capacity, Defendant Cochran is protected by prosecutorial immunity. "[I]n initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Comr's. of County of Republic, Kansas,* 582 F.3d 1155, 1164 (10th Cir. 2009) (*citing Imbler,* 424 U.S. at 425-428).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by May 2, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 11th day of April, 2011.

*signature*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE