# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRENT GOLDEN,              )
                           )
       Plaintiff,      )
                           )
vs.                        )     NO. CIV-11-224-D
                           )
DAVID GONZALES, et al.,    )
                           )
       Defendants.     )

## O R D E R

Plaintiff, a state prisoner awaiting reception into an Oklahoma Department of Corrections facility, brought this action pursuant to 42 U. S. C. § 1983. Appearing *pro se* and *in forma pauperis*, he contends his constitutional rights were violated during the criminal proceedings which resulted in his conviction. Pursuant to 28 U. S. C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. As required by 28 U. S. C. §§ 1915(e)(2) and 1915A, the Magistrate Judge reviewed the Complaint after filing to determine if it should be dismissed as frivolous or malicious or as failing to state a claim upon which relief may be granted; the Complaint was also screened to determine if it seeks monetary relief from a defendant who is immune from such relief.

After completing the initial review of the Complaint, the Magistrate Judge filed a Report and Recommendation [Doc. No. 10] in which she recommended the Complaint be dismissed because it fails to state a § 1983 claim upon which relief may be granted; she also recommended dismissal of the claims against Defendant Russ Cochran because he is immune from § 1983 liability. Plaintiff timely objected to the Report and Recommendation, and the matter is now reviewed *de novo.*

Plaintiff's Complaint asserts violations of his rights to equal protection and to be free from double jeopardy; he also asserts claims of malicious prosecution and perjury. These allegations are

based on his criminal conviction in the District Court of Pottawatomie County. Plaintiff contends that Defendant David Gonzales, a Shawnee, Oklahoma police officer, falsely presented an affidavit of probable cause in a case which was dismissed; a new case was filed after Defendant Gonzales submitted a second affidavit of probable cause. Defendant Russ Cochran, the Assistant District Attorney of Pottawatomie County, filed the case. The criminal case proceeded to trial, and Plaintiff was convicted.

Plaintiff contends that Defendant Gonzales committed perjury in preparing the affidavits. He also contends that his double jeopardy rights were violated because, after the first case was dismissed prior to trial, a new case was filed; the latter case resulted in his conviction. He also contends Defendant Cochran violated his rights and is liable for malicious prosecution.

As the Magistrate Judge explained in the Report and Recommendation, her review of the Complaint was required to determine if Plaintiff had alleged sufficient facts to state a cognizable claim upon which relief may be granted pursuant to § 1983. To avoid dismissal on this basis, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the Complaint, all well-pleaded factual allegations must be accepted as true and construed in favor of Plaintiff; because he appears *pro se*, Plaintiff's allegations must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal constructed afforded a *pro se* plaintiff does not relieve him of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). Upon review of the allegations, the Court may not "supply additional factual allegations...or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997).

As the Magistrate Judge concluded, Plaintiff's Complaint fails to allege facts sufficient to state a plausible claim for relief. Initially, to the extent he seeks damages allegedly caused by what he believes were wrongful actions resulting in his improper conviction, his claims must be dismissed without prejudice because damages in a § 1983 action cannot be recovered on that basis, unless Plaintiff first proves that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance" of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In this case, Plaintiff does not allege the occurrence of any of these prerequisites to a § 1983 action for money damages. Accordingly, the Complaint must be dismissed without prejudice to the filing of a later claim if one of the foregoing actions occurs.

To the extent he asserts a double jeopardy claim, that claim must also be dismissed because jeopardy did not attach as a result of the filing of the first charge. Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978). Construing the allegations most liberally in Plaintiff's favor, the Complaint shows that the initial charges about which he complains were dismissed prior to trial; therefore, no jury was empaneled and sworn, and jeopardy did not attach.

In addition, to the extent Plaintiff seeks his immediate release from confinement in addition to money damages, his claims appear to assert a request for habeas relief because he challenges the execution of the sentence. A claim sounding in habeas and brought as a part of a § 1983 action should be dismissed without prejudice to the filing of a separate habeas action. *Coleman v. Turpen*, 697 F. 2d 1341, 1347 (10th Cir. 1983) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Furthermore, as the Magistrate Judge noted, Plaintiff's claims against Defendant Cochran are subject to dismissal even if the § 1983 claim was properly brought. Although Plaintiff does not state whether the claims are asserted against Defendant Cochran individually or in his official capacity as an Assistant District Attorney, dismissal is required regardless of the capacity in which he is sued. If sued in his individual capacity, Defendant Cochran is protected by prosecutorial immunity, which shields him from liability for § 1983 damages for conduct in initiating and prosecuting a state criminal action. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). If sued in his official capacity, Defendant Cochran is immune from liability under the Eleventh Amendment, which precludes § 1983 liability for a state and its employees for actions taken in their official capacities; claims against a state employee acting in his official capacity are considered claims against the state, and such claims are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985). Although Eleventh Amendment immunity may be waived by a state, Oklahoma has not waived its immunity from § 1983 liability. *Ramirez v. Oklahoma Dept. of Mental Health*, 41 F. 3d 584, 588 (10th Cir. 1994). Furthermore, Congress did not prescribe such a waiver when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The Court agrees with the Magistrate Judge's analysis of the Complaint and the foregoing deficiencies. Plaintiff's claims asserting double jeopardy, seeking release from incarceration in a § 1983 action, and requesting money damages from the prosecutor must, under the facts alleged, be dismissed with prejudice because such claims fail as a matter of law under these facts. However, the remaining claims asserted by Plaintiff are dismissed without prejudice to their assertion in a future case.

In his objections to the Report and Recommendation, Plaintiff reiterates his contentions regarding double jeopardy and perjury. His arguments, and the attached materials filed in the state court action, do not persuade the Court that Plaintiff can pursue § 1983 claims based on his current contentions at this time.

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED as though fully set forth herein. Plaintiff's claims are dismissed as set forth herein.

IT IS SO ORDERED this 27th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE